**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2263**

NADINE GRIFFITH KELLY, individually and as Personal Representative of the Estate of Harold Clayton Griffith,

Plaintiff - Appellant,

v.

CAPITAL SENIOR LIVING CORPORATION, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING INC, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING PROPERTIES 4 INC, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING PROPERTIES 5 INC, individually and d/b/a Greenville Place Assisted Living Community; CSL LEASE CO INC, individually and d/b/a Greenville Place Assisted Living Community; NURSE JANE DOE; CAPITAL SENIOR LIVING PROPERTIES, individually and d/b/a Greenville Place Assisted Living Community,

Defendants - Appellees.

**No. 19-2266**

NADINE GRIFFITH KELLY, individually and as Personal Representative of the Estate of Harold Clayton Griffith,

Plaintiff - Appellant,

v.

CAPITAL SENIOR LIVING CORPORATION, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING INC, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR

LIVING PROPERTIES INC, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING PROPERTIES 4 INC, individually and d/b/a Greenville Place Assisted Living Community; CAPITAL SENIOR LIVING PROPERTIES 5 INC, individually and d/b/a Greenville Place Assisted Living Community; CSL LEASE CO INC, individually and d/b/a Greenville Place Assisted Living Community; NURSE JANE DOE,

Defendants - Appellees.

———————

Appeals from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:19-cv-02415-HMH; 6:19-cv-02414-HMH)

———————

Submitted:  June 1, 2021                    Decided:  June 17, 2021

———————

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer Spragins Burnett, HARBIN & BURNETT, LLP, Anderson, South Carolina, for Appellant.  David N. Allen, Benjamin S. Chesson, Anna C. Majestro, Charlotte, North Carolina, G. Mark Phillips, Charleston, South Carolina, Giles M. Schanen, Jr., NELSON MULLINS RILEY & SCARBOROUGH, LLP, Greenville, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nadine Griffith Kelly appeals the district court's orders granting Defendants' motions to dismiss and compelling arbitration in the wrongful death and survival actions Kelly filed following the death of her father in an assisted living facility. In these consolidated appeals, Kelly argues, as she did below, that the mandatory arbitration agreement and the underlying residence services agreement should be considered as one, merged contract, the terms of which are unconscionable under state law and therefore unenforceable. We affirm.

To compel arbitration under the Federal Arbitration Act (FAA), a party must show: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). Kelly does not dispute on appeal—nor did she below—that the first, third, and fourth elements are satisfied; she argues only that the merged agreements cannot be enforced because they are unconscionable.

First, only provisions within an arbitration agreement are "relevant to a court's determination whether the arbitration agreement at issue is enforceable," and arbitration provisions are "severable from the remainder of the contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010) (internal quotation marks omitted); s*ee also Nitro-Lift Techs., LLC v. Howard*, 568 U.S. 17, 20-21 (2012) ("[W]hen parties commit to arbitrate contractual disputes, it is a mainstay of the [FAA's] substantive law that attacks on the

3

validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved by the arbitrator in the first instance" (internal quotation marks omitted)). Accordingly, the district court properly limited its consideration to the terms of the arbitration agreement in considering the enforceability of the arbitration agreement.

We "review de novo the enforceability of an arbitration provision, and apply a strong federal policy in favor of enforcing arbitration agreements." *Ashford v. PricewaterhouseCoopers LLP*, 954 F.3d 678, 682 (4th Cir. 2020) (internal quotation marks omitted). "The FAA requires courts to rigorously enforce arbitration agreements according to their terms." *Id.* (ellipses and internal quotation marks omitted). "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500 (alterations omitted). Arbitration provisions are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

"In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 668 (S.C. 2007). "If a court as a matter of law finds any clause of a contract to have been unconscionable at the time it was made, the court may refuse to enforce the unconscionable clause, or so limit its application so as to avoid any unconscionable result." *Id.*

4

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in determining that the challenged terms of the arbitration agreement are not unconscionable under South Carolina law. Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*